IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE STITT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1346 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Magistrate Judge Lisa Pupo Lenihan |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

I.  **CONCLUSION**

Presently before the Court for disposition are cross motions for summary judgment. Because substantial evidence supports the ALJ's challenged finding that Plaintiff's substance abuse was a material contributing factor to her disability, and the ALJ was therefore not required to consult with a medical professional in further support of his determination of materiality, the Plaintiff's Motion for Summary Judgement will be denied, the Defendant's Motion for Summary Judgment be granted, and the decision of the Commissioner of Social Security to deny Plaintiff's application for benefits will be affirmed.

## II. CASE SUMMATION

### A. Procedural History

Connie Stitt ("Plaintiff"), by her counsel, timely filed a Complaint pursuant to the Social Security Act, as amended (the "Act"), for review of the Commissioner's final determination disallowing her claim for benefits (*i.e.* supplemental security income) under the Act. The procedural history in this matter is as follows:

Plaintiff protectively filed application on November 23, 2004, alleging disability since September 30, 1986 due to emphysema and depression and seeking disability insurance benefits ("DIB") and supplemental security income ("SSI"). Her claims were denied by the State Agency in March, 2005 and she timely requested an administrative hearing, which was held before the Administrative Law Judge (the "ALJ") on May 3, 2007. Plaintiff was represented by counsel and a vocational expert testified. By Decision of May 22, 2007, the ALJ denied Plaintiff benefits.

The ALJ concluded that (1) Plaintiff was not performing any substantial gainful activity; (2) she had the severe impediments of depression, emphysema, and cocaine dependence/substance addiction disorder; and (3) she met the criteria for disability under the Act. He further, concluded, however, that Plaintiff's substance abuse was a material contributing factor to the determination of disability. See Decision at 2-3.

The ALJ went on, therefore, to conclude that, although Plaintiff had no relevant past work, she had the residual functional capacity ("RFC") to perform a limited range of work,[1]

---

[1] The Decision notes that, absent substance abuse, claimant could generally perform low-stress, medium-exertional work, of a simple, routine, and repetitive nature.

including representative jobs identified by the Vocational Expert (the "VE"), and accordingly denied her application. In August, 2007, the Appeals Counsel denied Plaintiff's request for reconsideration, and this appeal timely followed.

In her Brief in Support of Motion for Summary Judgment, Plaintiff notes that she is now only alleging disability since the filing of her SSI application in November, 2004, thus waiving any right to DIB. See Brief in Support of Motion at 1, n. 1.[2] Plaintiff asserts that the ALJ erred in failing to award Plaintiff benefits on the basis of mental health disability. More particularly, Plaintiff alleges that because the ALJ failed to properly base his conclusion that Plaintiff's substance abuse was material to her "disability" status on sufficient medical evidence, the case should be remanded. See Plaintiff's Brief in Support of Motion at 4 (noting that it "is not disputed that [Plaintiff] has both a depressive disorder and cocaine dependence" and that the objection "raised concerning the ALJ's decision is that he conducted a materiality analysis to deny . . . benefits without consulting a medical professional for a medical opinion on the issue of materiality").[3]

---

2. As noted in the ALJ's Decision, and as the parties acknowledge, Plaintiff would have to establish disability on or before December 31, 994 to be entitled to disability insurance benefits. See Decision at 1.

3. The contention that expert opinion evidence on materiality is required has been rejected by the Third Circuit since the filing of the Plaintiff's Brief. See discussion, *infra*.

**B. Statement of Facts**

Plaintiff was born in September, 1964.[4] She has completed high school, some additional studies and training in nursing, and has extremely limited past work experience.

Plaintiff's medical records indicate that Plaintiff has a long history of depression and cocaine dependence, with repeated periods of recovery followed by relapse. Plaintiff's admissions to Western Psychiatric Institute and Clinic in 1992 and March 2001 (and thereafter) were related to both mental health disorder and substance dependence; in both instances she improved markedly with cocaine and alcohol abstinence and medication and was discharged with GAF scores indicating slight or moderate functioning impairment. See Defendant's Brief in Support at pp. 4-5; Record at 108-112, 130-139; Decision at 4 (noting that Plaintiff's two hospital admissions for mental disorder were "when claimant was in the active phase of cocaine abuse"). In February, 2002, Plaintiff was arrested for possession of crack cocaine and placed on nine (9) months probation.

At the beginning of November, 2004, Plaintiff enrolled in an outpatient treatment program of Psychiatric and Chemical Dependency Services with a dual diagnosis of depressive disorder and cocaine dependence. She was reported to be attending weekly sessions, under medication monitoring and making fair progress. See Decision at 4. Three months later, in January, 2005, she was examined by her physician, Dr. Pinkofsky, and reported that she was remaining sober; Dr. Pinkofsky noted no suicidal ideation or hallucinations (present with substance abuse) and fair insight and judgment. See Record at 354-358. In February, Plaintiff

---

4. Plaintiff is therefore considered a "younger person" under the Commissioner's regulations. See 20 C.F.R. § 416.963(b).

indicated to her social worker, Ms. D'Amico, that she continued sober, attending church, and was emotionally and mentally stable enough to return to work.[5] Plaintiff received a psychological evaluation by Dr. Strick in late February, 2005; the physician's assessment was of appropriate thought and speech, good abstract reasoning skills and comprehension, appropriate perception, eye contact and orientation, intact memory and ability to understand, remember, carry out simple instructions, interact with others, perform activities of independent living, and moderate-to-marked limitations in responding to work pressures. See id. at188-194 (concluding Plaintiff able to function in a low-stress work environment); Decision at 7 (noting Dr. Strick's report in concluding that substance abuse was a material factor to disability). The next month, March 3, 2005, she was seen by Dr. Jonas, who concluded she had moderate limitations owing to mental impairments but was not unable to work.

At the end of July, 2005, Plaintiff relapsed and sought admittance to the Western Psychiatric inpatient program because she had stopped taking her medications and resumed cocaine use (*i.e.*, her hospital admission again involved her substance abuse). She was discharged from the Women's Dual Unit on August 1, 2005, with intact attention, concentration, memory, fair insight, and organized and goal-directed thought and a GAF score indicating moderate functional impairment. See id. at 328-332. Plaintiff continued group therapy treatment at another facility through August 22, 2005 and then returned to the Western Psychiatric outpatient program. Her therapist reported that she was psychiatrically stable since resuming her medication; Plaintiff reported that she continued sober/cocaine abstinent during

---

5. Plaintiff's testimony is that she applied for benefits because when she returns to work she is "cut off" welfare and then cannot afford her medications. See Report at 413.

5

August, September and October, 2005. See id. at 314-317. She again resumed work in early November, continuing drug abstinence in December, and was stable and doing well in recovery. See id.; see also id. at 403 (Plaintiff's testimony that she worked as a certified nurse aide during 2005 and early 2006).

Plaintiff relapsed again in January, 2006, returning to the Western Psychiatric inpatient program on January 27th, with discharge in early February. See id. at 300, 305-06. She returned to the inpatient program again in late June, 2006, with discharge and return to outpatient treatment in late July. Plaintiff's therapist noted that Plaintiff reported psychotic symptoms and depression during periods of substance abuse and concomitant failure to take prescribed medications, but denied them while sober/abstinent. See id. at 281. Her GAF score again indicated moderate functional impairment. Plaintiff abstained from substance use throughout August, 2006 and was twice reported by her therapist to have good/stable mood. See id. at 277-280.

She relapsed again in mid-September, reporting a three-day "binge" and that her substance abuse often resulted from boredom. Her therapist recommended daily structure and activity. See id. at 276. Plaintiff's psychiatric report of November 21, 2006 indicates that she was incarcerated for ten (10) days in October and had been using crack cocaine every day thereafter. During this period of daily substance abuse, Plaintiff was assessed as disheveled, with questionable perception, poor judgment, restricted affect, suicidal, and reporting hallucinations and increased suspicion of others. Her GAF score was 29. See Record at 362-66. Following inpatient rehabilitation from December 1 through December 26, her GAF score had improved to 55. See id. at 360.

Plaintiff successfully refrained from substance use for the next five weeks (*i.e.*, into February, 2007), at which time her Western Psychiatric physician, Dr. Altman, assessed her GAF score as improved to 65, with mild (vs. moderate) functional limitations, and that she had good-to-fair ability to perform all work-related mental tasks.  See id. at 385.

**C.  "Substantial Evidence" Standard of Review**

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner. 42 U.S.C. § 405(g).   See also, *e.g.*, Richardson v. Perales, 402 U.S. 389 (1971); Adorno v.  Shalala,  40  F.3d 43  (3d Cir. 1994).

 More specifically, 42 U.S.C. Section 405(g) provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1000) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).  Although there may be contradictory evidence in the record, and/or although this Court may have found otherwise, it is not cause for remand or reversal of the Commissioner's decision if substantial support exists.  Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000).

**D. Disability Evaluation**

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not entitled to benefits within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

The requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence . . . 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3).[6]

---

6. In reviewing a disability claim, the Commissioner must consider subjective symptoms as well as the medical and vocational evidence. Cf. Green v. Schweiker, 749 F.2d 1066, 1068 (3d Cir. 1984) (explaining that "subjective complaints of pain [should] be seriously considered, even where not fully confirmed by objective medical evidence"). In assessing a plaintiff's subjective complaints, the ALJ may properly consider them in light of the other evidence of record, including objective medical evidence, plaintiff's other testimony, and plaintiff's description of

(continued...)

Finally, the applicable regulations set forth a more explicit five-step evaluation to determine disability. The regulations, published at 20 C.F.R. §§404.1501-1529, set forth an orderly and logical sequential process for evaluating all disability claims.[7] In this sequence, the ALJ must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether she can do her past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file, to assess whether the plaintiff has the ability to perform other work existing in the national economy in light of plaintiff's age, education and past work experience. At step five of this analysis, the burden shifts to the Commissioner. Thus, it must generally be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that Plaintiff was not disabled within the meaning of the Social Security Act.

---

6. (...continued)
daily activities. See Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). And so long as a plaintiff's subjective complaints have been properly addressed, the ALJ's decisions in that regard are subject only to the substantial evidence review discussed supra. See Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975) (discussing Bittel and concluding that where "plaintiff did not satisfy the fact finder in this regard, so long as proper criteria were used, [it] is not for us to question"); see also Kephart v. Richardson, 505 F.2d 1085, 1089 (3d Cir. 1976) (noting that credibility determinations of ALJ are entitled to deference).

7. This evaluation process has been repeatedly reiterated with approval by the United States Supreme Court. See, *e.g.*, Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003).

### E. Substance Abuse Factor

As Plaintiff properly sets forth in her Brief in Support, and as the ALJ properly outlines in his Decision, the question in cases in which Plaintiff's medical history indicates a factor of substance abuse is whether or not the claimant would be "disabled" under the Act absent that abuse, *i.e.*, whether or not it is a material contributing factor. The Regulations require that if the ALJ determines the claimant to be disabled, he must then consider this additional question. See Plaintiff's Brief in Support at 4-5; 20 C.F.R. § 404.1535. The ALJ is to consider the degree to which Plaintiff's current physical and/or mental limitations would remain (*i.e.*, whether or not they would still be "disabling") absent continuing substance abuse. Id.

In an Opinion issued since the filing of the parties' briefs, the Third Circuit declined to address the question of whether, in a claim involving a substance abuse factor, the burden is on the Plaintiff to show that it was *not* material to disability, or on the ALJ to evidence that it *was*. See McGill v. Commissioner, 2008 WL 2909624, *2 (3d Cir. July 30, 2008) ("We need not decide [whether it is the claimant who properly bears the burden of proving materiality, as several courts of appeals have held]") (citations omitted). It did, however, reject the claimant's assertion that the Commissioner must base a "materiality determination . . . on expert psychiatric opinion evidence." Id. at *1. See also id. at *3 ("declin[ing] to impose such a requirement"). Rather, the Circuit held that an ALJ's finding that substance abuse was a contributing factor is "adequately supported by the record" and should not be disturbed where the medical evidence indicates mental impairments that were "severe only when they coincided with" substance abuse. Id.

## III. ANALYSIS

As discussed above, to be eligible for benefits/income under the Act, a plaintiff generally has the burden of establishing that she has a qualifyingly-severe, medically-determinable impairment. See 42 U.S.C. § 405(g). See also Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). And a finding of disability is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e). The materiality of substance abuse was, however, most recently analyzed by the Third Circuit under the claimant's "contention[] that . . . the Commissioner [has] the burden of proving materiality [and] the ALJ [must] disentangle the effects of [substance abuse] from those of the claimant's other impairments." McGill, *supra* at *2. Accordingly, the Court applies these standards.

Plaintiff correctly notes that "when it is not possible to separate the mental restrictions and limitations imposed by [substance abuse] and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate." Brief in Support at 5-6 (quoting Social Security Administration, *Questions and Answers Concerning DAA from the 07-02/96 Teleconference*, No. EM-96200 (Aug. 30, 1996). In this case, however, the ALJ reasonably determined that it *was* possible, on the basis of the medical evidence, to conclude that Plaintiff's cocaine dependence was a material contributing factor.

More particularly, the ALJ observed that, on consideration of the entire record, Plaintiff was unable to engage in sustained work activity when actively abusing cocaine but that when she is in a window of recovery and treatment, including abstinence from substance abuse, such as in late-2004 through various intervals in 2005, her mental health and level of functioning are significantly better. See Decision at 3-4; id. at 5 (noting that "record indicates that when claimant abstains from drug abuse, limitations arising from mental impairment are no longer at

11

marked levels in any area"). He expressly noted that, absent substance abuse, the record established mental impairment satisfying the diagnostic listing criteria for depressive disorder resulting in *moderate* functional limitations but without any extended episodes of decompensation or other functional limitations fulfilling either the B or C criteria for listing of mental impairment. And he noted that his conclusions regarding Plaintiff's RFC in the absence of substance abuse were consistent with the assessment of Dr. Strick, who saw claimant in consultative evaluation in February, 2005. See Decision at 7; see also discussion of facts, *supra* at 4 (noting that Plaintiff worked briefly as a nurses aide during recovery/treatment/abstinence). Cf. Brief in Support at 6 (noting that ALJ "considered [claimant's] reported state of mind during periods of abstinence and relapse").

Thus, the ALJ adequately explained his conclusions in this regard. See McGill, *supra* at *2 (affirming ALJ's finding that substance abuse was material, and noting that "vast majority" of medical treatment involved drug use and that there was "little, if any, evidence of severe"mental health condition *independent* of substance addiction); id. (noting medical evidence during period of apparent abstinence of "slightly depressed demeanor" and reported "mild[]" depression); id. ("Viewed as a whole 'a reasonable mind might accept [the record evidence] as adequate to support' the ALJ's findings that [claimant]'s behavioral and functional problems were attributable to [substance addiction] and that in the absence of [substance addiction] she would not be disabled . . . Accordingly, we will not disturb those findings.") (citation omitted).[8]

---

8. See also Sklenar v. Barnhart, 195 F.Supp.2d 696, 700 (W.D. Pa. 2002) (holding that "an ALJ must identify at least *some* medical evidence supporting the conclusion that a claimant would no longer be disabled if he stopped [substance abuse]") (emphasis in original) (citing Doughty v. Apfel, 245 F.3d 1274, 1281 (11th Cir. 2001); id. at 701-702 (noting absence of reliable

(continued...)

## IV. ORDER

For the reasons discussed above, the Commissioner's Decision was supported by substantial evidence. It is therefore Ordered that Plaintiff's Motion for Summary Judgment, requesting "remand . . . for opinion evidence on the issue of materiality" be denied, that Defendant's Motion for Summary Judgment be granted, and that the Decision of the Commissioner be affirmed.

The Court notes that it appreciates the concise and well-stated Briefs provided by both parties in this matter.

                                              LISA PUPO LENIHAN
                                              United States Magistrate Judge

Dated: September 25, 2008

    All Counsel of Record

---

8. (...continued)
indications in record that physicians' assessments of functioning were "during a phase of abstinence"or one of continuing substance abuse); id. at 701, n. 4 (distinguishing cases in which "medical evidence, alone or in conjunction with non-medical evidence may so clearly show a marked improvement during a period of abstinence that, even absent express medical opinion(s), a finding of non-disability is supportable").

The Court also notes that this decision pre-dates the Third Circuit's recent Opinion in McGill and that it repeatedly reflects this Court's understanding, at that time, that absent unusual circumstances, materiality should be based on express physician opinion "regarding effects of . . . [substance use] cessation". See id. at 704; see also id. at 700; 701 n. 4 ("In a typical case, it would seem most appropriate to require medical evidence directly addressing the issue, in the form of physician opinion(s) regarding the impact of a hypothetical or actual cessation on the claimant's impairments.").